**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Larry Cannon, | : | Case No. 5:13CV981 |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **MAGISTRATE'S REPORT AND** |
| Jason Bunting, Warden, | : | **RECOMMENDATION** |
|     Respondent. | : | |
| | : | |

### I. INTRODUCTION

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES.  Pending are Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, re-filed on August 15, 2013 (Docket No. 6), Respondent's Return, filed July 8, 2014 (Docket No. 20), Petitioner's Motion for an Evidentiary Hearing filed on June 13, 2014 (Docket No. 16), Respondent's Response in Opposition to Petitioner's Motion for a Hearing filed June 16, 2014 (Docket No. 18), Petitioner's Traverse and affidavit, filed July 23, 2014 (Docket Nos. 21), and Respondent's Reply to Traverse (Doc. No. 22).  Given the filing date of the petition, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996) apply. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

For the reasons set forth below, the Magistrate recommends the Court deny the Petition for Writ of Habeas Corpus and the Motion for an Evidentiary Hearing.

1

## II. PROCEDURAL HISTORY

A.    **INDICTMENT & TRIAL COURT PROCEEDINGS**

On May 8, 2009, Petitioner Larry Cannon ("Petitioner") was indicted by a Summit County, Ohio Grand Jury during its May 2009 term, on nine counts, including one (1) count of Grand Theft, six (6) counts of Breaking and Entering, and two (2) counts of Theft (Docket No. 20-1, pp. 7-10 of 152). On July 7, 2009, pursuant to a negotiated plea agreement, Petitioner entered a plea of guilty to one (1) count of Grand Theft, a fourth (4th) degree felony, three (3) counts of Breaking and Entering, a fifth (5th) degree felony, and one (1) count of Theft, a fifth (5th) degree felony (Docket No. 20-1, p. 11 of 152). Three (3) counts of Breaking and Entering, and one (1) count of Theft were dismissed on recommendation of the prosecutor (Docket No. 20-1, p. 11 of 152).

On October 21, 2009, Petitioner filed a pro se Motion to Withdraw his Guilty Plea and requested that the trial court set aside his judgment and conviction and permit him to withdraw his guilty pleas (Docket No. 20-1, p. 14 of 152). Petitioner alleged that his plea was entered without advice of counsel, understanding of the nature of the charges, effects of the plea, or his rights in the proceedings (Docket No. 20-1, p. 14 of 152). Petitioner further alleged that the State breached his plea agreement and that he no longer wanted to be bound by the terms of the agreement (Docket No. 20-1, p. 15 of 152). He later moved to withdraw the Motion to set aside guilty plea, and the motion to withdraw was granted by a journal entry filed on January 11, 2010 (Docket No. 20-1, p. 17 of 152).

On February 2, 2010, Petitioner, represented by counsel, was sentenced to twelve (12) months imprisonment for Grand Theft, twelve (12) months each for three (3) counts of Breaking and Entering, and six (6) months for Theft (Docket No. 20-1, pp. 5-6 of 152). The sentences imposed by the trial court were ordered to be served consecutively (Docket No. 20-1, p. 6 of 152).

On July 15, 2010, Petitioner filed a pro se Motion to Correct Unlawful Sentence in the Summit County Court of Common Pleas arguing that his charges should have merged at sentencing and the failure to do so violated his right against double jeopardy  (Docket No. 20-1, pp. 18-27 of 152).  On July 19, 2010, the State of Ohio filed a Memorandum in opposition to Petitioner's motion and argued that Petitioner's claim was barred by res judicata since it could have been raised on appeal and that merger did not otherwise apply to Petitioner's case (Docket No. 20-1, pp. 28-29 of 152).  On August 16, 2010, the trial judge found Plaintiff's Motion lacked merit because it was barred by res judicata since it could have been raised on direct appeal, and that even if the issue of merger had not been waived, there was no requirement that his Breaking and Entering charges be merged at sentencing (Docket No. 20-1, p. 30 of 152).

On January 12, 2011, Petitioner filed a pro se Motion to Review and Correct Pursuant to CRIM. R. 32, in the Summit County Court of Common Pleas alleging that all the counts on which he was convicted should have been merged and his sentences run concurrently  (Docket No. 20-1, pp. 31-34 of 152).  On January 14, 2011, the State of Ohio filed a Memorandum opposing Petitioner's motion arguing that Petitioner's claims were untimely, barred by res judicata, and that Breaking and Entering and Grand Theft are not allied offenses under Ohio law  (Docket No. 20-1, pp. 35-36 of 152).  On February 9, 2011, Petitioner filed a pro se, combined Motion In Opposition To Plaintiff, Motion to Dismiss Defendant, and Petition to Review and Correct Unlawful Sentence with a Memorandum in Support of Law (Docket No. 20-1, pp. 38-42 of 152).  On February 11, 2011, the trial court denied Petitioner's Motion to Review and Correct on principles of res judicata and for untimely filing pursuant to OHIO REV. CODE § 2953.23 (Docket No. 20-1, p. 43 of 152).

On March 9, 2011, Petitioner filed a pro se Motion for Judicial Release and a Memorandum in Support of release in the Summit County Court of Common Pleas (Docket No. 20-1, pp. 44-47 of 152).  Pursuant to a Journal Entry filed March 30, 2011, the trial court found Petitioner's Motion for Judicial Release not well

taken and denied his request (Docket No. 20-1, p. 49 of 152).

On June 10, 2011, Petitioner filed a pro se writ of procedendo in the Ninth District Court of Appeals requesting an order directing the trial court to conduct a hearing and discharge him (Docket No. 20-1, pp. 50-57 of 152). On June 15, 2011, the State of Ohio filed a Motion to Dismiss on the basis that Petitioner failed to comply with OHIO REV. CODE § 2969.25(A) and had adequate remedies in the ordinary course of law which did not justify use of a writ of procedendo (Docket No. 20-1, pp. 58-59 of 152). On July 20, 2011, the Ninth District Court of Appeals dismissed Petitioner's complaint ruling that an appeal is an adequate remedy to challenge an error by the trial court (Docket No. 20-1, pp. 60-61 of 152).

On October 13, 2011, Petitioner filed a pro se Motion for Sentencing in the Summit County Court of Common Pleas alleging errors during sentencing (Docket No. 20-1, pp. 62-68 of 152). On October 17, 2011, the State of Ohio filed a Memorandum in opposition arguing that Defendant had failed to show any error in the proceedings (Docket No. 20-1, pp. 71-72 of 152). On November 14, 2011, the trial court denied Petitioner's Motion for Sentencing (Docket No. 20-1, p. 73 of 152).

**B.    STATE WRIT OF HABEAS CORPUS**

On September 18, 2012, Petitioner filed his pro se Writ of Habeas Corpus and a Request for an Emergency Hearing in the Ohio Court of Appeals for the Third Appellate District (Docket No. 20-1, pp. 92-105 of 152). On October 25, 2012, the State of Ohio filed a Motion to Dismiss pursuant to CIV. R. 12(B)(6) and a Memorandum in Support (Docket No. 20-1, pp. 106-119 of 152). The State argued that Petitioner's writ did not meet statutory filing requirements, did not state a cognizable claim for habeas relief, and was barred by res judicata (Docket No. 20-1, p. 106 of 152). On November 21, 2012, the State appellate court dismissed Petitioner's writ of habeas corpus petition on the basis that it did not comply with OHIO REV. CODE § 2725.04(D), did not include an affidavit as required by OHIO REV. CODE § 2969.25, and was therefore

defective (Docket No. 20-1, pp. 120-121 of 152). The State appellate court also noted that habeas corpus is not a substitute proceeding for addressing issues that should have been raised in a direct appeal or in post conviction relief (Docket No. 20-1, p. 121 of 152). For those reasons, the court dismissed Petitioner's writ (Docket No. 20-1, p. 122 of 152).

On December 24, 2012, Petitioner filed a pro se Notice of Appeal in the Supreme Court of Ohio from the judgment rendered by the Ohio Court of Appeals for the Third Appellate District (Docket No. 20-1, pp. 123-124 of 152). On February 6, 2013, Petitioner filed a pro se "Motion for Consolidation of Original Writ of Habeas Corpus with Motion For Summary Judgment on Original Habeas Corpus Petition" (Docket No. 20-1, pp. 128-137 of 152). On February 27, 2013, the Supreme Court of Ohio dismissed Petitioner's case based upon his failure to file a merit brief in compliance with the Rules of Practice of the Supreme Court of Ohio (Docket No. 20-1, p. 152 of 152).

**C.  DIRECT APPEAL**

On June 18, 2013, Petitioner filed a pro se Notice of Appeal with the Summit County Court of Common Pleas from his judgment and conviction entered February 8, 2010 (Docket No. 20-1, p. 74 of 152). Petitioner also filed a Docketing Statement with the Ninth District Court of Appeals raising "Self incrimination, Ineffective Asst. Of Counsel, Due process, Indictment, and Illegal Search & seizure," as issues for review (Docket No. 20-1, p. 78 of 152). On June 19, 2013, Petitioner filed a Motion For Leave to File Delayed Appeal in the Ninth District Court of Appeals (Docket No. 20-1, p. 79 of 152). On July 3, 2013, the Ninth District Court of Appeals denied Petitioner's motion because he provided insufficient reasons to justify the three-year delay (Docket No. 20-1, p. 80 of 152).

On July 28, 2013, Petitioner filed a pro se Notice of Appeal and Memorandum in Support of Jurisdiction with the Supreme Court of Ohio, appealing the July 3, 2013 judgment of the Ninth District Court

of Appeals (Docket No. 20-1, pp. 81-83 of 152). Petitioner raised one proposition of law, which provided "DENIED RIGHT TO APPEAL BY APPEAL COURT DENYING REASONABLY EXPLAINED DELAYED APPEAL" (Docket No. 20-1, p. 88 of 152). On November 20, 2013, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal citing S. Ct. Prac. R. 7.08(B)(4) (Docket No. 20-1, p. 91 of 152).

**D.     FEDERAL HABEAS CORPUS CASE**

On August 15, 2013, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254(d), which is now before this Court, alleging the following grounds for relief:

> (1) Denied Right to Appeal
> Supporting Facts: The Appeals Court denied me delayed Appeal, thereby denying me to appeal (which is permitted by law upon reasonable explanation) after denying such without good cause and improperly deeming my reasonable explanation unreasonable without facts, findings and conclusions of law to support it.
>
> (2) Denied Right To "Timely" Appeal
> Supporting Facts: I didn't seek timely appeal [because] the trial judge "on the record" at sentencing, after I objected to sentence given, told me to file a judicial release. A couple years later I filled a judicial release and was denied thereby denying me my appeal timely to the objected sentence on record.
>
> (3) Denied Access To Court
> Supporting Facts: Due to my several attempts of relief after objecting to the sentence on the record thereby denying right to access to appeal court by being promised falsely to an early release.
>
> (4) Plea Agreement in Violation of Constitution and Counsel Ineffective for Permitting It.
> Supporting Facts: I did not, on the record, agree willingly to the sentence given. But only accepted it after the court on the record offered judicial release and counsel was ineffective by failing to assure to plea agreement terms and by permitting my timely appeal to be waived by false promise of judicial release.

(Docket No. 6, pp. 5-10 of 15). The State opposes the Petition and urges this Court to deny the writ (Docket No. 20).

## III. ANALYSIS

### A. PROCEDURAL ISSUES

#### 1. AEDPA STATUTE OF LIMITATIONS

The AEDPA "provides that a '1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.'" *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)(quoting 28 U.S.C. § 2244(d)(1)). The one-year clock begins running from the latest of one of four circumstances enumerated in the statute. *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D) (West 2014). In this case, the clock was triggered by "the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking review." *See* 28 U.S.C. § 2244(d)(1)(A) (West 2014). Despite its one-year time limitation, the AEDPA is subject to both statutory and equitable tolling.

"Under AEDPA factual findings made by a state court are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence." *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004)(citing 28 U.S.C. § 2254(e)(1)).

##### a. STATUTORY TOLLING

By statute, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending shall not be counted toward" the one-year limitation imposed by the AEDPA. 28 U.S.C. § 2244(d)(2) (West 2014). To be "properly filed" for § 2244(d)(2) purposes, the Supreme Court has held that a petition which does not include a timely claim is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)(quoting *Artuz v. Bennett*, 531 U.S. 4, 10-11 (2000)). Time limits, the Supreme Court held in *Pace*, are "filing" conditions for purposes of the AEDPA. *Id.*

Pursuant to OHIO APP. R. 4, a party who wishes to appeal from a final order shall file a notice of appeal

7

as required by OHIO APP. R. 3, within 30 days of that final entry. *See* OHIO APP. R. 4. Petitioner's Judgment Entry of Conviction was filed on February 8, 2010 and a timely appeal was due on or before March 10, 2010 (Docket No. 20-1, p. 5 of 152). On March 11, 2010, the AEDPA's statute of limitations began running. *See* 28 U.S.C. § 2244(d)(1)(A) (West 2014). On July 15, 2010, and after 126 days had run on Petitioner's AEDPA clock, Petitioner filled his Motion to Correct Unlawful Sentence, which tolled the AEDPA's statute of limitations (Docket No. 20-1, p. 18 of 152). *See* 28 U.S.C. § 2244(d)(2) (West 2014). On August 16, 2010, the trial court denied Petitioner's motion (Docket No. 20-1, p. 30 of 152). Despite having 30 days to appeal the trial court's decision, Petitioner took no action and his AEDPA statute of limitations began running again on September 17, 2010.

Petitioner's subsequent Petition to Review and Correct, filed January 12, 2011 did not toll the AEDPA statute of limitations because it was untimely filed pursuant to OHIO REV. CODE § 2953.23, rendering it ineligible for tolling under § 2244(d)(2) (Docket No. 20-1, p. 43 of 152). *See Pace,* 544 U.S. at 417. Neither of Petitioner's subsequent motions for judicial release nor his writ of procedendo qualified for statutory tolling under § 2244(d). As the Ohio appellate court noted in dismissing Petitioner's complaint, the writ of procedendo was not available to Petitioner to challenge the trial judge's decision to deny his Motion to Correct Unlawful Sentence (Docket No. 20-1, pp. 60-62 of 152). *See State ex rel. Miley v. Parrott*, 77 Ohio St. 3d 64, 65 (Ohio 1996). Petitioner's Motion for Judicial release, on the other hand, did not seek collateral review of his conviction or sentence. To toll the AEDPA limitation period, courts in this circuit have held that the petitioner's actions must seek collateral review of their underlying conviction or sentence. *See Garner v. Gansheimer*, 2010 WL 547482, at *12 (N.D. Ohio 2010)(unreported)("Not every filing by a criminal defendant is meant to advance his challenge to a judgment of conviction amounts to an application for . . . collateral review of the judgment or claim")(citing *Witkowski v. Vasbhinder*, 2006 WL 618891, at *4 (E.D.

Mich 2006)(unpublished)(quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005), cert denied, 546 U.S. 1142 (2006)); *Imburgia v. Bradshaw*, 2009 WL 6366761, at *3 (N.D. Ohio 2009)(unpublished)("The application for ***judicial release*** . . . did not toll running of the AEDPA limitations period, as it did not seek collateral review of the underlying conviction or sentence that resulted in petitioner's incarceration.")(emphasis added); *Kimble v. Gansheimer*, *5 (N.D. Ohio 2009)(unpublished)(holding that in order to toll under § 2244(d)(2), a motion must seek review of the judgment of conviction.).[1]

Therefore, Petitioner's AEDPA limitations period ran until it expired, 239 days later on Saturday, May 14, 2011, which by rule was further extended until Monday, May 16, 2011. *See* FED. R. CIV. P. 6 (West 2014). Petitioner's habeas petition was filed on August 15, 2013, nearly two years after the statute of limitations expired (Docket No. 6).

### b. EQUITABLE TOLLING

"The Petitioner bears the burden of showing that he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). Equitable tolling may be appropriate where a "litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall*, 662 F.3d at 749 (quoting *Robertson v. Simpson*, 624 F.3d 781, 783(6th Cir. 2010)(internal quotation marks omitted)). In order to be entitled to equitable tolling, a habeas petitioner must meet two requirements. First, the petitioner must show "that he has been pursuing his rights diligently." *Hall*, 662 F.3d at 749 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010). Second, the petitioner must establish "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649). The equitable tolling doctrine is

---

[1] The undersigned Magistrate was unable to locate any published Sixth Circuit precedent for this point, but observes several unpublished cases which support the premise.

only "sparingly" granted by courts. *Robertson*, 624 F.3d at 784. Courts exercise their equity powers on a case-by-case basis recognizing the need for "flexibility" as opposed to "mechanical rules." *Holland*, 560 U.S. 649-50. The Supreme Court however, has "never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. United States,* 544 U.S. 295, 311 (2005).

The State argues that Petitioner's federal habeas petition is time barred even after considering both statutory and equitable tolling relief (Docket No. 20, pp. 7-14 of 39). The State contends that Petitioner has not been diligent in pursuing his rights and notes that he has failed to file appeals, to comply with state procedural filing rules and deadlines (Docket No. 20, p. 14 of 39). Furthermore, the State argues that Petitioner has failed to demonstrate diligence in pursuit of his claim or extraordinary circumstances as required to meet his burden for equitable tolling (Docket No. 20, pp. 13-14 of 39).

The State's contentions are well taken. Petitioner has failed to meet his burden of establishing that he pursued his claim with diligence or that some extraordinary circumstance prevented him from filing a timely claim. Although Petitioner claims that he was denied his right to appeal, access to the court, and effective assistance of counsel, which he premises on unsubstantiated allegations concerning judicial release, a motion for judicial release is a cause of action independent of a direct appeal (Docket No. 6, pp. 5-10 of 15). For these reasons, the undersigned Magistrate recommends that this Court find the Petition for Writ of Habeas Corpus time barred under the AEDPA.

    **2.**     **PETITIONER IS NOT ENTITLED TO AN EVIDENTIARY HEARING**

In both his Traverse and Motion for an Evidentiary Hearing, Petitioner argues that an evidentiary hearing is necessary to address the merits of his claims, including his allegations that his attorney and the state prosecutor engaged in fraud related to his plea agreement and the state court proceedings (Docket No. 16, p. 1

of 1; Docket No. 21, p. 1 of 2). Petitioner also argues that an evidentiary hearing is proper for purposes of his challenge to the correctness of the state court's findings (Docket No. 21, p. 1 of 2). Finally, Petitioner contends that the Court should grant an evidentiary hearing based on his ability to establish cause to excuse the procedural default, which entitles him to relief (Docket No. 21, p. 2 of 2). Defendant disagrees and urges the Court to deny Petitioner's request for an evidentiary hearing and deny his petition for writ of habeas corpus (Docket No. 22).

"Under AEDPA, federal courts are generally prohibited 'from granting evidentiary hearings when applicants have failed to develop the factual bases [sic] for their claims in state courts." *Bailey v. Smith*, 492 Fed.Appx. 619, 625 (6th Cir. 2012)(citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Pursuant to 28 U.S.C. § 2254(e)(2), a court is precluded from holding an evidentiary hearing unless the petitioner relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2) (West 2014). Petitioner has failed to demonstrate any of the requisite criteria which would warrant an evidentiary hearing.

Furthermore, Petitioner's allegations concerning fraud are entirely unsupported by the record. Despite his claims that he was mislead by his attorney concerning the condition of his plea agreement, the transcript of the proceedings reflect that when asked by the trial judge, he unequivocally indicated understanding the charges, his constitutional rights, the terms and conditions of his plea agreement, and his potential sentence (Docket No. 20-2, pp. 6-10 of 31). It was not until after Petitioner received his sentence that he began claiming that he had been misled about the terms of his plea agreement and sentence and since then his claims

11

have evolved with respect to his understanding of the terms of his plea agreement (Docket No. 20-2, pp. 28-30 of 31).  First, Petitioner argued immediately after his sentence was imposed that he thought he was going to get drug treatment instead of prison and did not think he was going to be sentenced on that day, even though the week before he had missed a previously scheduled sentencing hearing (Docket No. 20-2, pp. 13-15 of 31).  Now, Petitioner asserts an entirely different claim that he was promised judicial release, even though the record clearly reflects the trial judge advised Petitioner he would be eligible for judicial release in less than four years (Docket No. 6, pp. 7-10 of 15; Docket No. 20-2, p. 28 of 31).  When asked by the trial judge whether he understood the court's explanation concerning his eligibility for judicial release, Petitioner expressly indicated that he did (Docket No. 20-2, p. 28 of 31).  Even assuming that Petitioner could show that his counsel incorrectly advised him concerning a term in his plea agreement, the Sixth Circuit has held, within the context of a habeas petition for ineffective assistance of counsel, that there is no prejudice where the state court's plea colloquy specifically addresses the confused term.  *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)(citing *Barker v United States*, 7 F.3d 629, 633 (7th Cir. 1993), *cert. denied*, 510 U.S. 1099 (1994)); *McAdoo v. Elo*, 365 F.3d 487, 496 (6th Cir. 2004).  "[T]he state trial court's proper colloquy can be said to have cured any misunderstanding [a petitioner] may have had about the consequences of his plea." *Ramos*, 170 F.3d at 565 (citing *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993), cert. denied, 510 U.S. 1099 (1994).

      Although Petitioner also vaguely challenges the correctness of the state court's findings, he has failed to present evidence which would rebut the presumption afforded the State court's findings (Docket No. 21, p. 1 of 2).  "In a proceeding instituted by an application for a writ of habeas corpus . . . a determination of a factual issue made by a State court shall be presumed to be correct. . . .[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (West

12

2014). Finally, Petitioner urges this Court to grant a hearing based on Petitioner's ability to establish cause to excuse the procedural default because he is entitled to relief (Docket No. 21, p. 2 of 2). Since Petitioner did not properly file his habeas claim within AEDPA's one-year time limitation, his claims are time barred and must be dismissed. *See Chapman v. Moore*, 406 F.Supp.2d 835, 838 (N.D. Ohio 2005); *Swingle v. Money*, 215 F.Supp.2d 919, 923 (N.D. Ohio 2002). To allow otherwise would defeat the purpose of the AEDPA. *See Pace*, 544 U.S. at 413.

Accordingly, the undersigned Magistrate recommends that this Court find Petitioner's claims time-barred by the AEDPA and further that his habeas petition be dismissed.

### 3. NOTWITHSTANDING AEDPA, PETITIONER'S "DENIED RIGHT TO APPEAL" CLAIMS ARE PROCEDURALLY BARRED

Even assuming, *arguendo*, that Petitioner's claims were not time barred under the AEDPA, they would otherwise be procedurally defaulted. To be timely, a party who wishes to appeal from a final order shall file a notice of appeal in accordance with Ohio App. R. 3, within 30 days of that final entry. *See* OHIO APP. R. 4. Pursuant to OHIO APP. R. 5, a defendant in a criminal case may motion the court for a delayed appeal and is required to supply the court with reasons for having failed to perfect an appeal as a right. *See* OHIO APP. R. 5.

In this case, Petitioner's judgment and entry conviction in his case was filed on February 8, 2010 (Docket No. 20-1, pp. 5-6 of 152). Petitioner filed his pro se Notice of Appeal in this case more than three years later on June 18, 2013, alleging " Self incrimination, Ineffective Asst. of Counsel, Due process, Indictment, and Illegal Search & seizure" (Docket No. 20-1, pp. 74-78 of 152). Petitioner also filed a Motion for Leave to File Delayed Appeal on June 18, 2013, but failed to provide reasons to justify the three-year delay in filing (Docket No. 20-1, p. 79 of 152). On July 3, 2013, the appellate court dismissed Petitioner's Motion for Leave on the basis that he provided insufficient reasons to justify the three-year delay (Docket No. 20-1, p. 80 of 152).

On July 29, 2013, Petitioner filed a pro se Notice of Appeal and Memorandum in Support of Jurisdiction with the Ohio Supreme Court (Docket No. 20-1, pp. 81-90 of 152).  In his memorandum, Petitioner offered one proposition of law, "DENIED RIGHT TO APPEAL BY APPEAL COURT DENYING REASONABLY EXPLAINED DELAYED APPEAL" (Docket No. 20-1, p. 88 of 152).  On November 20, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.CT.PRAC.R. 7.08(B)(4) (Docket No. 20-1, p. 91 of 152).

"When a habeas petitioner fails to obtain consideration of a claim by a state court either due to petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Seymour v. Walker*, 224 F.3d 542, 549-550 (6th Cir. 2000)(citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Piccard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "A petitioner may avoid this procedural default only by showing there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour*, 224 F.3d at 550. To establish "cause" a petitioner must show that "an objective factor external to [himself] impeded [his] efforts to comply with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  To show "prejudice" a petitioner must establish "actual prejudice" by the constitutional error.  *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001).

Petitioner argues in ground one of his habeas petition, that his right to appeal was denied by the appellate court in their decision denying his delayed appeal which he alleges was without good cause, facts, findings, and conclusions of law to support it (Docket No. 6, p. 5 of 15).  In ground two, Petitioner also argues that he was denied his right to "timely" appeal on the basis that during his sentencing, the trial judge

14

instructed him to file a judicial release a couple years later, which Petitioner did, however the request was denied (Docket No. 6, p. 7 of 15).  In ground three, Petitioner's argument is essentially the same argument as advanced in ground two (Docket No. 6, p. 8 of 15).  Even construing these arguments as "cause," Petitioner otherwise fails to articulate any "prejudice" or alternatively that a miscarriage of justice would occur if the procedural bar were enforced.  Therefore, if Petitioner's claims had not otherwise been time-barred under the AEDPA, grounds one through three of his habeas petition would be procedurally barred.

### 4. FAILURE TO EXHAUST- GROUND FOUR

Assuming once again, *arguendo*, that Petitioner's habeas ground four was not time-barred under the AEDPA, it too would require dismissal for failure to exhaust all state remedies.  In ground four, Petitioner alleges that his plea agreement was in violation of the Constitution and that his trial counsel was ineffective for permitting his plea agreement (Docket No. 6, p. 10 of 15).  Petitioner alleges in her supporting facts for ground four that he did not willingly agree to the sentence he was given, but accepted it only after being "offered" judicial release (Docket No. 6, p. 10 of 15).  Furthermore, Petitioner argues that his counsel was ineffective by "failing to assure to plea agreement terms" and "by permitting my timely appeal to be waived by false promise of judicial release" (Docket no. 6, p. 10 of 15).

"A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)(quoting *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987)).  In addition to being fairly presented to the state courts, a petitioner must also exhaust his state remedies before bringing his claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b) (West 2014).  To satisfy the exhaustion requirement, the highest court in the state in which the petitioner has been convicted must have had a full and fair opportunity to rule on the claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "[A] petition containing at least one issue which was not

15

presented to the state courts must be dismissed for failure to comply with the total exhaustion rule." *Id.* at 9 (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

In his appeal to the Ohio Supreme Court on July 29, 2013, Petitioner failed to raise a claim that his plea agreement was in violation of the Constitution or that his counsel was ineffective (Docket No. 20-1, pp. 81-90 of 152). Since Petitioner's ground four was not properly presented to the Ohio Supreme Court, he has not complied with the total exhaustion requirement. Therefore, even if Petitioner's claims had not been time-barred, they would have otherwise required dismissal for failing to exhaust all state remedies.

## IV. CONCLUSION

For theses reasons, the Magistrate recommends the Court deny Petitioner's Motion for an Evidentiary Hearing (Docket No. 16), deny his Petition for Writ of Habeas Corpus (Docket No. 6), and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:      October 7, 2014

## V. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR THE NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.