UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY CANNON *Pro Se*, | ) | Case No.: 5:13 CV 981 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JASON BUNTING, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

## I. INTRODUCTION

On August 15, 2013, Petitioner Larry Cannon, *pro se* ("Cannon" or "Petitioner"), re-filed[1] a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his felony convictions for one count of Grand Theft, three counts of Breaking and Entering, and one count of Theft. (ECF No. 6.) Petitioner raised four grounds for relief in his Petition:

"**(1) Denied Right to Appeal**
**Supporting Facts**: The Appeals Court denied me delayed Appeal, thereby denying me to appeal (which is permitted by law upon reasonable explanation) after denying such without good cause and improperly deeming my reasonable explanation unreasonable without facts, findings and conclusions of law to support it.

**(2) Denied Right To "Timely" Appeal**
**Supporting Facts**: I didn't seek timely appeal [because] the trial judge "on the record" at

---

[1] Petitioner originally filed a Petition for Writ of Habeas Corpus on April 30, 2013. (ECF No. 1.) This court dismissed Cannon's original Petition without prejudice because he failed to exhaust all claims in state court. (ECF No. 4.) Cannon filed a second Petition on August 15, 2013. (ECF No. 6.) The court construed Cannon's second Petition as a re-filed Section 2254 claim in response to the court's dismissal for failure to exhaust. (ECF No. 9.)

sentencing, after I objected to sentence given, told me to file a judicial release. A couple years later I filled a judicial release and was denied thereby denying me my appeal timely to the objected sentence on record.

**(3) Denied Access To Court**
**Supporting Facts**: Due to my several attempts of relief after objecting to the sentence on the record thereby denying right to access to appeal court by being promised falsely to an early release.

**(4) Plea Agreement in Violation of Constitution and Counsel Ineffective for Permitting It.**
**Supporting Facts**: I did not, on the record, agree willingly to the sentence given. But only accepted it after the court on the record offered judicial release and counsel was ineffective by failing to assure to plea agreement terms and by permitting my timely appeal to be waived by false promise of judicial release."

(ECF No. 6.) On June 13, 2014, Cannon also filed a Motion for an Evidentiary or Status Hearing on Claims Raised in his Petition. (ECF No. 16.) In support of his Motion, Cannon stated that "he believes he has factual issue(s) standing, and Evidentiary or Status Hearing is required under circumstances (untimely-response or Magistrate Judge's sua sponte extension of time to cure default)." (*Id.*)

This case was referred to Magistrate Judge Vernelis Armstrong ("Judge Armstrong" or "Magistrate Judge") for the preparation of a Report and Recommendation ("R&R"). The Respondent filed his Return of Writ on July 8, 2014. (ECF No. 20.) Cannon filed a Response/Traverse to the Return of Writ on July 23, 2014. ("Traverse", ECF No. 21.) Respondent filed a Reply to the Traverse on August 6, 2014. (ECF No. 22.) Judge Armstrong issued her R&R on October 7, 2014, recommending that the Petition be denied. (ECF No. 23.) Specifically, Judge Armstrong concluded that all grounds should be denied because they are time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (R&R at 7–10.) Judge Armstrong also concluded that all grounds were procedurally defaulted, and Cannon failed

to show cause and prejudice or other extraordinary circumstances to excuse the procedural default. (*Id.* at 13–14.) Further, Judge Armstrong found that Petitioner could not raise Ground Four because he failed to exhaust this claim in state court. (*Id.* at 15–16.) Finally, Judge Armstrong denied Cannon's Motion for an evidentiary hearing, stating that Cannon's claims did not meet the criteria that would warrant an evidentiary hearing. (*Id.* at 10–11.) Petitioner filed Objections to the Magistrate Judge's R&R on October 20, 2014. ("Response to R&R", ECF No. 24.) Respondent filed a Response to Cannon's Objections on October 31, 2014. (ECF No. 25.)

Because Cannon has filed objections, the court must undertake *de novo* review of portions of the report to which he has objected. 28 U.S.C. 636(b)(1)(C)(2009) ("A judge of the court shall make a *de novo* determination of those portions of the [report & recommendation] or specified proposed findings or recommendations to which objection is made"); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985). For the following reasons, the court adopts the Magistrate Judge's R&R in full and denies Cannon's Petition.

## II. STANDARDS OF REVIEW

### 1. Statute of Limitations

The AEDPA requires petitions for habeas corpus to be filed within one year after a petitioner's case becomes final in state court. *See* 28 U.S.C. §§ 2244(d)(1)(A) (West 2014). The statute of limitations is tolled when a petitioner seeks collateral review of his sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending shall not be counted toward" the one-year limitation requirement). Thus, in order for the statute of limitations to toll, a petition for collateral review must be properly filed. A petition which does not

include a timely claim is not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

A petitioner whose claim exceeds the one-year limitation despite statutory tolling may nevertheless have his claim heard under the doctrine of equitable tolling. The Sixth Circuit uses the "extraordinary circumstances" test to determine whether equitable tolling is appropriate. *See Hall*, 662 F.3d 745, 749 (6th Cir. 2011) (stating that the extraordinary circumstances test is "the law of this circuit"). The test requires a petitioner to show (1) reasonable diligence in pursuing his claim, and (2) an extraordinary circumstance that precluded him from timely filing. *Id.* Reasonable diligence must be determined under the facts and circumstances of a petitioner's case. In order for a circumstance to be extraordinary, it must be related to something that is essential to the petitioner's filing of his claim. *See Hall*, 662 F.3d at 751 (stating that the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling, because access to transcripts is not necessary to file the habeas petition).

### 2. State Procedural Default

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, and the court has made a "plain statement" that the decision rests on the grounds of the state procedural rule, federal habeas review of the claims is barred. *See Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013). In the Sixth Circuit, "[a] habeas petitioner's claim will be deemed procedurally defaulted if each of the following four factors is met: (1) the petitioner failed to comply with a state procedural rule; (2) the state courts enforced the rule; (3) the state procedural rule is an adequate and independent state ground for

denying review of a federal constitutional claim; and (4) the petitioner has not shown cause and prejudice excusing the default." *Id.*

### 3. Evidentiary Hearing

Section 2254 precludes a court from allowing an evidentiary hearing unless the applicant shows that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . [or] a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Further, the applicant must also demonstrate, by clear and convincing evidence, that "the facts underlying the claim would be sufficient to establish that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

## III. LAW AND ANALYSIS

In his Objections, Petitioner takes issue with the Magistrate Judge's findings that his Petition is barred under the relevant statute of limitations, that he procedurally defaulted on all of his claims, and that he is not entitled to an evidentiary hearing. The court addresses those issues here.[2]

### 1. Statute of Limitations

On August 15, 2013, Cannon filed the instant Writ of Habeas Corpus. Cannon was sentenced on February 2, 2010. As he did not file a direct appeal, his conviction became final on the last day he could have appealed. This date was March 2, 2010, or thirty days after his sentence

---

[2] Petitioner also appears to challenge the Magistrate Judge's authority in issuing an Order to Show Cause on May 16, 2014 (ECF No. 10.) Because the court already addressed this issue in a previous Order on June 17, 2014, (ECF No. 19), and because this is not the subject of Judge Armstrong's R&R, the court declines to address the issue. Petitioner also appears to challenge the court's vacating of its May 12, 2014 Order to Show Cause. Again, because this is not the subject of Judge Armstrong's R&R, the court will not address the issue.

-5-

was announced. Thus, Cannon's Petition was filed more than three years after his conviction became final.

The Magistrate Judge was correct to conclude that Petitioner's claims were time-barred, because the record demonstrates that Petitioner reached the one-year statute of limitations in May 2011. From 2010 to 2012, Cannon filed several post-conviction petitions. On July 15, 2010, he filed a *pro se* Motion to Correct Unlawful Sentence. (State Court Record, ECF No. 20-1 at 144.) Thus, after approximately four months the one-year statute of limitations tolled when Petitioner filed this Motion. The court denied the Motion on August 16, 2010. (*Id.* at 154.) On January 12, 2011, Cannon filed another *pro se* Motion to Review and Correct Sentence, which was denied on February 11, 2011. (*Id.* at 164–69.) At this point, then, Petitioner was nine months into the one-year limitation period, when it tolled for the second time. In March and June of 2011, Cannon filed a Motion for Judicial Release and a *writ of procendo*. Both were rejected in March and July of 2011, respectively. (*Id.* at 170, 176.) The Magistrate Judge found that Cannon's Motion for Judicial Release did not toll the statute of limitations because it was not a motion in which Cannon sought review of his sentence. (R&R at 8–9.) The court notes that there is some persuasive authority suggesting that a motion for judicial release cannot be considered an application for collateral review. *See Imburgia v. Bradshaw*, 2009 WL 6366761, at * 3 (N.D. Ohio 2009) (unpublished) (holding that a motion for judicial release does not seek collateral review, and thus did not toll the statute of limitations). Thus, while Cannon's Motion for Judicial Release was pending, the statute of limitations did not toll. Consequently, in May 2011, Petitioner had reached the one-year mark.

The Magistrate Judge also correctly concluded that Cannon should not be entitled to equitable tolling. In his Petition, Cannon did not contend that he faced extraordinary circumstances,

nor did he put forth any facts to suggest that he was reasonably diligent in filing his claim. In his Response to the Magistrate Judge's R&R, Cannon argues equitable tolling is required to avoid a "fundamental miscarriage of justice." (Response to R&R, at 3.) Specifically, Cannon appears to argue that, but for the ineffective assistance of counsel he received, his Petition would have been timely. The court finds this argument unavailing and, in any event, Cannon has failed to demonstrate that he undertook "reasonable diligence" as required by Sixth Circuit law. Consequently, Cannon's Petition is untimely even considering statutory tolling, and he is not entitled to equitable tolling.

### 2. Procedural Default

Further, there can be no federal habeas review because of Petitioner's procedural defaults in state court. On September 18, 2012, Cannon filed a state writ for habeas corpus. In his writ, he set forth the following claims: illegal search and seizure, violation of his right against self-incrimination, ineffective assistance of counsel, and due process violations due to deficient indictment. (State Court Record, ECF No. 20-1, at 218.) The court denied these claims as procedurally defective, because Petitioner failed to include a required cause-of-commitment form and affidavit with his Petition. (*Id.* at 251.) The court also held that state habeas corpus was an improper remedy to challenge the validity of his indictment. (*Id.*) Cannon filed two notices for direct appeal on June 18, 2013 and July 28, 2013, in the Summit County Court of Common Pleas. (*Id.* at 205, 207.) The Court of Appeals denied Cannon's appeal citing his three-year delay. (*Id.*

at 216.) The Ohio Supreme Court declined to accept jurisdiction of his appeal pursuant to Ohio Supreme Court Practice Rule Section 7.08.[3] (*Id.* at 217.)

In his Traverse and Declaration in support, Cannon appeared to argue that he had cause for the delay because his attorney refused to file an appeal. (Decl. ¶ 16, ECF No. 21-1.) In his Response to the Magistrate Judge's R&R, Cannon sets forth additional reasons for his procedural default: he was not provided with transcripts and trial records and the trial court "informed or inferred to [him]" that he had waived his right to appeal. (Response to R&R, at 3.) Again, Cannon's claims must fail. His final allegation provides no support for his argument; but simply indicates that he waived his right to appeal as a part of his guilty plea. Cannon's other allegations, even if coupled with evidentiary support, cannot support a conclusion that there was "cause" for the default, because neither were necessary to correcting the default. Stated differently, Cannon still could have timely appealed without counsel and without court transcripts (as proven by his subsequent post-conviction filings). Thus, Cannon failed to demonstrate that he was actually prejudiced by the errors he alleged. *See Palmer*, 730 F.3d 554 at 560 (stating that petitioner is required to show that there was "cause" for neglect of the procedural rule and that he was *actually prejudiced* by the alleged constitutional error).

---

[3] The court notes that although the Court of Appeals provided an "independent and adequate" state procedural ground for dismissal, the same cannot be said about the Ohio Supreme Court's decision. The Sixth Circuit has held that where a state court order denying relief cites to a court practice rule with little or no explanation, the court must "look to the last reasoned state court opinion to determine the basis for the state court's rejection of [petitioner's] claim." *Henderson v. Palmer*, 730 F.3d 554, 561 (6th Cir. 2013). Put differently, there must be unambiguous reliance on a state procedural rule to bar federal habeas review. *See id.* Here, because the Ohio Supreme Court based its holding on Rule 7.08 with virtually no explanation, the court must look only to the appeals court decision in making its determination.

### 3. Evidentiary Hearing

Finally, the court adopts the Magistrate Judge's conclusion that Cannon is not entitled to an evidentiary hearing, because he has not satisfied the criteria required by 28 U.S.C. Section 2254(e). Specifically, Cannon has made no showing that his claim relies on either a new constitutional law that would apply to his case by way of retroactivity, or factual predicate that could not have been discovered in the exercise of due diligence. Further, Cannon has not established that the facts he has alleged would support a conclusion that no reasonable fact finder could have found him guilty. Although Cannon presents some serious allegations of fraud and misrepresentation on the part of his attorney, because he has not made the showing required by the law, his Motion must be denied.

## IV. CONCLUSION

Consequently, the court finds that, after careful review of the R&R and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and case law. Accordingly, the court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 23.) Consequently, the Petition is hereby denied and final judgment is entered in favor of Respondent. The court also denies Petitioner's Motion for an Evidentiary Hearing. Finally, the court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November, 26 2014